IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY KAY INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:19-CV-3027-D |
| VS. § | |
| § | |
| KARIN JORDAN AGUDELO, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action for trademark infringement and related claims, three defendants move to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In its response, plaintiff Mary Kay Inc. ("Mary Kay") requests leave to conduct jurisdictional discovery. For the reasons that follow, the court defers a ruling on the Rule 12(b)(2) motion, permits Mary Kay to conduct jurisdictional discovery in the form of interrogatories and/or requests for production, and allows the parties to file supplemental briefing after the jurisdictional discovery is completed.[1]

I

Mary Kay sues numerous defendants—including movants Soloderma, LLC ("Soloderma"), Anyelly Montoya ("Montoya"), and her husband Martin Lobato

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

("Lobato")—alleging claims for trademark infringement under 15 U.S.C. §§ 1114 and 1125(a)(1)(A), unfair competition under 15 U.S.C. § 1125(a)(1)(A), trademark dilution under 15 U.S.C. § 1125(c), trademark dilution under Tex. Bus. & Com. Code § 16.103 (West 2011), trademark infringement and unfair competition under Texas common law, tortious interference with existing and/or prospective contracts, and breach of contract.[2] Mary Kay's clams arise from defendants' alleged sales of Mary Kay-trademarked products through Amazon.com ("Amazon") and eBay.com ("eBay") Storefronts.

Defendants move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Mary Kay opposes the motion and also requests leave to take jurisdictional discovery on the question whether Soloderma, Montoya, or Lobato has sold any Mary Kay products to consumers in Texas via Amazon's website.[3]

II

A district court has broad discretion regarding whether to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283-84 (5th Cir. 1982). To be entitled to this relief, the party seeking discovery must make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc*., 415 F.3d 419, 429 (5th Cir. 2005).

---

[2]Mary Kay's breach of contract claim is asserted only against certain defendants.

[3]Defendants filed their motion on February 14, 2020, and Mary Kay responded on March 6, 2020. Defendants' reply brief, had they opted to file one, was due on March 31, 2020. *See* March 20, 2020 Order (granting motion to extend deadline for filing reply brief, and setting March 31, 2020 as new deadline). Because the time for filing a reply has elapsed, defendants' motion is now ripe for decision.

"'[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact.' 'When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.'" *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (ellipsis and citation omitted). "A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (McBryde, J.) (citing *Kelly*, 213 F.3d at 855). A court can deny leave to conduct jurisdictional discovery when the movant fails to specify the facts it believes discovery would uncover and how these facts would support personal jurisdiction. *See id.*; *see also King v. Hawgwild Air, LLC*, 2008 WL 2620099, at *8 (N.D. Tex. June 27, 2008) (Lindsay, J.).

III

Mary Kay has satisfied the requirement that it make a "preliminary showing of jurisdiction." *Fielding* 415 F.3d at 429. In *Fielding* the Fifth Circuit cited with approval the Third Circuit's standard—articulated in *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)—that "[i]f . . . plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* at 456 (brackets and citations omitted). Mary Kay's allegations satisfy this standard.

Mary Kay can establish specific personal jurisdiction over a nonresident defendant by showing, *inter alia*, that the defendant "'purposefully directed' his activities at residents of the forum, and the litigation . . . result[s] from alleged injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *Archer & White, Inc. v. Tishler*, 2003 WL 22456806, at *2 (N.D. Tex. Oct. 23, 2003) (Fitzwater, J.) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In its complaint, Mary Kay alleges that defendants

> have expressly aimed tortious activities toward the State of Texas and established sufficient minimum contacts with Texas by, among other things, advertising and selling infringing products bearing Mary Kay's trademarks to consumers within Texas through multiple highly interactive commercial websites, through the regular course of business, with the knowledge that Mary Kay is located in Texas and is harmed in Texas as a result of Defendants' sales of infringing products to Texas residents.

Compl. ¶ 62. Mary Kay also asserts that, "through their Amazon and eBay Storefronts, Defendants accept and fulfill orders from Texas residents for products bearing the Mary Kay Trademarks and cause infringing products bearing the Mary Kay Trademarks to be shipped to persons located in Texas through the regular course of business." *Id.* ¶ 279.[4] Based on

---

[4] Because defendants have denied that they have sold any products, including Mary Kay products, to any individuals located in Texas, *see* Ds. Br. 4 ("[T]o Soloderma's knowledge, it has not indirectly sold any products, including any Mary Kay products, on Amazon.com, through the Soloderma Storefront or otherwise, to any individuals located in the State of Texas."); *id.* at 5 ("Montoya has not personally sold any products, including any Mary Kay products, indirectly through Amazon.com in the State of Texas or elsewhere."); *id.* at 6 ("[T]o Lobato's knowledge, he has not indirectly sold any products, including any Mary Kay products, on Amazon.com, through the Jonsu Storefront or otherwise, to any individuals located in the State of Texas."), the court cannot, as Mary Kay requests, accept the allegations in Mary Kay's complaint as true. Instead, Mary Kay must produce evidence that establishes a prima facie case of personal jurisdiction.

these allegations, the court concludes the existence of the requisite contacts with Texas is possible, and it is satisfied that Mary Kay has made a "preliminary showing of jurisdiction" sufficient to merit jurisdictional discovery.

IV

The court in its discretion will permit Mary Kay to conduct the limited jurisdictional discovery it requests.

Mary Kay maintains that

> [third party] sellers on Amazon are . . . always able to see where the products they have sold have been shipped, even when they choose to use the [Fulfillment by Amazon] service and do not personally ship their products to end-user customers. [Third party] sellers who use the [Fulfillment by Amazon] service can view this information by downloading an "Amazon-Fulfilled Shipments Report" from their "Seller Central" accounts. The "Amazon-Fulfilled Shipments Report" includes shipping address information for every product a [third party] seller has sold to a customer.

P. Br. 8 (citations omitted). Mary Kay therefore contends that it could obtain the jurisdictional discovery it requires "with a simple request for production to Defendants or Amazon.com, seeking data relating to all Mary Kay products sold by Defendants to consumers with shipping addresses in Texas." P. Br. 18.

The court grants Mary Kay leave to conduct the discovery it seeks because the discovery appears to be solely within defendants' (or Amazon's) control; it can be obtained through written interrogatories and/or requests for production, without requiring defendants to leave their home forum; there is no suggestion that the requested discovery will be

particularly onerous for defendants (or Amazon) to respond to; and the requested discovery is narrowly tailored and relevant to Mary Kay's response to defendants' Rule 12(b)(2) motion to dismiss.

V

Accordingly, the court grants Mary Kay's request for leave to conduct jurisdictional discovery. The discovery is limited to written interrogatories and/or requests for production addressed to defendants and/or Amazon. Mary Kay must complete the discovery no later than June 8, 2020. Within 14 days of the date Mary Kay has received all the discovery that it seeks, it may file a supplemental response to defendants' motion to dismiss. Defendants may file a final reply within 14 days of the date Mary Kay filed its supplemental response. The supplemental response and final reply must not exceed 25 pages, excluding the tables of contents and of authorities. The court will await this additional briefing before deciding defendants' motion to dismiss.

**SO ORDERED**.

April 7, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE