**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MARY KAY INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:19-CV-03027-D |
| v. | § | |
| | § | Judge Sidney A. Fitzwater |
| KARIN JORDAN AGUDELO, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

# MOTION FOR LEAVE TO SEEK LIMITED DISCOVERY

DATE: October 14, 2020

Kent A. Britt
Ohio Bar No. 0068182
kabritt@vorys.com
**VORYS, SATER, SEYMOUR AND PEASE LLP**
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Telephone: (513) 723-4488
Facsimile: (513) 852-7818

Christopher J Schwegmann
Texas State Bar No. 24051315
cschwegmann@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839

**ATTORNEYS FOR PLAINTIFF**
**MARY KAY INC.**

# TABLE OF CONTENTS

**Pages**


TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. BACKGROUND AND RELEVANT LAW ..... 2

A. Mary Kay's Complaint and Procedural History ..... 2

B. The Lanham Act Allows Plaintiffs to Recover Defendants' Profits By Submitting Evidence of Defendants' Sales of Infringing Products ..... 3

C. Without A Court Order, Mary Kay Cannot Take Discovery That Will Allow It to Obtain Evidence of the Defaulted Defendants' Sales of Infringing Products ..... 5

D. Many Courts Have Permitted Plaintiffs to Take Narrow Discovery On the Issue of Damages After Default Has Been Entered Against Defendants ..... 5

E. Mary Kay Seeks Leave to Serve Discovery on a Single Third Party for the Sole Purpose of Proving Its Damages In This Case ..... 7

F. Monitoring Software Estimates That the Defaulted Defendants Have Sold Substantial Amounts of Infringing Products Bearing Mary Kay's Trademarks Through Their Storefronts ..... 9

III. ARGUMENT ..... 9

A. There is Good Cause for Mary Kay to Serve Limited Discovery on Amazon.com Because It Will Otherwise Not Be Able To Establish Its Damages When Moving for Default Judgment ..... 9

IV. CONCLUSION ..... 10

CERTIFICATE OF SERVICE ..... 12

**TABLE OF AUTHORITIES**

**Pages**

**CASES**

*Adobe Sys. v. Bunhey*, No. EDCV 13-1365-VAP (OPx), 2013 U.S. Dist. LEXIS 198095 (C.D. Cal. Oct. 29, 2013) ........ 7

*Antoine Boutte*, No. 15-561-JWD-EWD, 2016 U.S. Dist. LEXIS 145459 (M.D. La. Oct. 20, 2016) ........ 6, 7

*Clearline Techs., Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691 (S.D. Tex. 2013) ........ 4

*Craigslist, Inc. v. Kerbel*, No. C-11-3309 EMC, 2012 U.S. Dist. LEXIS 108573 (N.D. Cal. Aug. 2, 2012........ 4

*Eastman Kodak Co. v. Southern Photo Materials Co.*, 273 U.S. 359 (1927)........ 4

*Jaso v. Coca Cola Co.*, 435 F. App'x 346 (5th Cir. 2011) ........ 5

*JST Distrib. v. Love Thingz*, No. 17-CV-829-W-WVG, 2017 U.S. Dist. LEXIS 162747 (S.D. Cal. Oct. 2, 2017) ........ 6, 7

*Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153 (10th Cir. 2013) ........ 4

*Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400 (9th Cir. 1993)........ 3, 4

*Maltina Corp. v. Cawy Bottling Co.*, 613 F.2d 582 (5th Cir. 1980) ........ 4

*Nutrition Distrib. LLC v. Musclegen Research Inc.*, No. 16-CV-3113-JLS (JMA), 2017 U.S. Dist. LEXIS 163981 (S.D. Cal. Oct. 3, 2017) ........ 6

*Nutritition Distrib. LLC v. IronX LLC*, No. 17-CV-839-JLS (JMA), 2017 U.S. Dist. LEXIS 164077 (S.D. Cal. Oct. 3, 2017) ........ 6

*Oakley, Inc. v. Moda Collection, LLC*, No. SACV-16-160-JLS (JCGx), 2016 U.S. Dist. LEXIS 191048 (C.D. Cal. June 9, 2016)........ 7

*Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 U.S. Dist. LEXIS 220570 (N.D. Tex. Dec. 14, 2018) (Horan, J.), *rec. adopted*, 2019 U.S. Dist. LEXIS 15728 (N.D. Tex. Jan. 31, 2019) (Scholer, J.)........ 3

*Rex Real Estate I., L.P. v. Rex Real Estate Exch., Inc.*, No. A-19-CV-696-RP, 2020 U.S. Dist. LEXIS 24227 (W.D. Tex. Feb. 12, 2020)........ 4

*Sonoma Foods v. Sonoma Cheese Factory*, No. C 07-00554-JSW, 2007 U.S. Dist. LEXIS 96733 (N.D. Cal. Apr. 3, 2007) ........ 5

*SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016)............................... 3

*Tex. Tech Univ. v. Spiegelberg*, 461 F. Supp. 2d 510 (N.D. Tex. 2006) ....................................... 4

*Tinker, Inc. v. Poteet*, No. 3:14-CV-2878-L, 2017 U.S. Dist. LEXIS 161852 (N.D. Tex. Sep. 30, 2017) ................................................................................................................ 4

*Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404-BLF, 2017 U.S. Dist. LEXIS 44863 (N.D. Cal. Mar. 27, 2017)..................................................................................... 6, 7

*WMS Gaming, Inc. v. WPC Prods., Ltd.*, 542 F.3d 601 (7th Cir. 2008).......................................... 4

**STATUTES**

15 U.S.C. § 1114 ............................................................................................................... 2

15 U.S.C. § 1117(a) ......................................................................................................... 3, 4

15 U.S.C. § 1125(a)........................................................................................................... 2

15 U.S.C. § 1125(a)(1)(b).................................................................................................. 2

15 U.S.C. § 1125(c)........................................................................................................... 2

Tex. Bus. & Com. Code § 16.103....................................................................................... 2

**RULES**

Fed. R. Civ. P. 26(a)(1)(B) ............................................................................................... 5

Fed. R. Civ. P. 26(d)(1)............................................................................................... 1, 5, 6

Fed. R. Civ. P. 26(f)..................................................................................................... 2, 5, 6

Fed. R. Civ. P. 55(a) ......................................................................................................... 1

Fed. R. Civ. P. 55(b)(2)...................................................................................................... 1

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(d)(1), plaintiff, Mary Kay Inc. ("Mary Kay"), seeks leave to serve narrow discovery on a third party, Amazon.com, Inc. ("Amazon.com"), to obtain information that will allow it to seek an award of damages as part of a motion for default judgment it is going to file against defendants Milton Moreno Garzon ("Moreno"), Laura Gomez ("Gomez"), Easy Fast Inc, California LA Fashion Inc, All Seller Inc, Allproducts Corp, and Smile Distribution Inc, all of whom are in default (collectively, the "Defaulted Defendants").

On September 2, 2020, the Clerk entered a default against the Defaulted Defendants pursuant to Federal Rule of Civil Procedure 55(a). , after each of these defendants failed to plead or otherwise defend this action despite being served with Mary Kay's complaint and this Court's summons. (Dkt. No. 51.) On September 23, 2020, the Clerk entered a default against All Seller Inc. (Dkt. No. 55.) The next step is for Mary Kay to file a motion for entry of default judgment pursuant to Rule 55(b)(2), but without discovery, Mary Kay cannot seek an award of damages as part of a default judgment because Mary Kay does not itself have evidence of Defaulted Defendants' volume of sales of infringing products bearing Mary Kay's trademarks. The Lanham Act provides that Mary Kay can recover Defaulted Defendants' profits by submitting evidence of the revenue Defaulted Defendants have earned from their sales of infringing products, but the only parties who possess that information are Defaulted Defendants themselves—who have chosen to not participate in this action—and Amazon.com.

Federal Rule of Civil Procedure 26(d)(1) states that parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," but the rule also provides that this prohibition can be overridden by court order. Many courts have entered orders allowing plaintiffs to take limited discovery before the Rule 26(f) conference when, as in this case, a plaintiff

has sued for violations of the Lanham Act, the defendant defaults, and the plaintiff needs evidence from third parties to establish its damages caused by the defendant's actions. Mary Kay requests that, in line with these decisions, this Court grant Mary Kay's motion and allow Mary Kay to take discovery from Amazon.com before moving for default judgment against Defaulted Defendants.

## II. BACKGROUND AND RELEVANT LAW

### A. Mary Kay's Complaint and Procedural History

Mary Kay filed its Complaint on December 23, 2019. (Dkt. No. 1.) Mary Kay named 24 defendants and brought claims for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(b); unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); and Tex. Bus. & Com. Code § 16.103; trademark infringement and unfair competition under Texas common law; and tortious interference with contracts. (*See id.*) Mary Kay alleged that all of the defendants—including Defaulted Defendants—have acted in concert to sell a high volume of materially different and non-genuine products bearing Mary Kay's registered trademarks on the Internet, including through multiple storefronts on the website www.amazon.com ("Amazon"). (*See id.*)

In the months since Mary Kay filed its complaint, Mary Kay has dismissed 16 defendants from this action through notices of dismissal and a joint stipulation of dismissal. (Dkt. Nos. 27, 34, 35, 36, 39, 40, 41, 49, 56.)[1] The remaining eight defendants consist of the seven Defaulted Defendants and one other defendant—Fernando Javier Figueroa ("Figueroa")—who has appeared

[1] Mary Kay has also dismissed claims it brought against John Doe defendants it named in its Complaint. (Dkt. No. 53.)

and filed an answer to Mary Kay's complaint. (Dkt. No. 14.)[2] As noted above, the Clerk entered defaults against each of Defaulted Defendants on September 2, 2020 and September 23, 2020. (Dkt. Nos. 51, 55.) In order for Mary Kay to obtain relief on its claims against Defaulted Defendants, it must next file a motion for default judgment under Rule 55(b)(2). *See Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 U.S. Dist. LEXIS 220570, *5 (N.D. Tex. Dec. 14, 2018) (Horan, J.), *rec. adopted*, 2019 U.S. Dist. LEXIS 15728 (N.D. Tex. Jan. 31, 2019) (Scholer, J.) (explaining that "three steps are required" for a plaintiff to obtain a default judgment under Rule 55: (1) the defendant's default by failure to plead or defend in the action; (2) entry of default by the Clerk; and (3) entry of a default judgment by the district court).

### B. The Lanham Act Allows Plaintiffs to Recover Defendants' Profits By Submitting Evidence of Defendants' Sales of Infringing Products

The Lanham Act provides that, when a defendant violates a right provided under the Act, a plaintiff may recover "subject to the principles of equity . . . (1) [the] defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). A defendant's profits may be recovered under the Lanham Act because it is often difficult for trademark owners to prove actual damages caused by infringing conduct. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993), *abrogated on other grounds by, and superseded by statute on other grounds as recognized in SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016).

In establishing a defendant's profits, a plaintiff is required to prove only the defendant's sales of infringing materials; it is then the defendant's burden to submit evidence of costs and deductions to allow the court to determine the defendant's profits. *See* 15 U.S.C. § 1117(a);

[2] Mary Kay is communicating with Figueroa about settlement and anticipates that it will soon file a stipulation dismissing its claims against Figueroa. Britt Decl. at ¶ 4.

*Maltina Corp. v. Cawy Bottling Co.*, 613 F.2d 582, 586 (5th Cir. 1980); *Clearline Techs., Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 707 (S.D. Tex. 2013) (explaining that "the burden is on the infringer to prove (1) which, if any, of those sales were not attributable to the wrongful act, and (2) deductible costs and expenses to arrive at net profits."). If the defendant does not present any evidence of its costs and deductions, courts award the defendants' total sales to the plaintiff as disgorged profits. *See, e.g.*, *Tex. Tech Univ. v. Spiegelberg*, 461 F. Supp. 2d 510, 526 (N.D. Tex. 2006); *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1163 (10th Cir. 2013); *WMS Gaming, Inc. v. WPC Prods., Ltd.*, 542 F.3d 601 (7th Cir. 2008) (collecting cases); *Craigslist, Inc. v. Kerbel*, No. C-11-3309 EMC, 2012 U.S. Dist. LEXIS 108573, *51 (N.D. Cal. Aug. 2, 2012 ("[S]ales are equivalent to profits absent evidence from the defendant as to costs or other deductions from said profits.").

A plaintiff seeking disgorgement of a defendant's profits is required to establish the defendant's sales only "with reasonable certainty." *Rex Real Estate I., L.P. v. Rex Real Estate Exch., Inc.*, No. A-19-CV-696-RP, 2020 U.S. Dist. LEXIS 24227, *16 (W.D. Tex. Feb. 12, 2020) (citing *Lindy*, 982 F.2d at 1408). A "reasonable basis for computation must exist," but "damages are not rendered uncertain because they cannot be calculated with absolute exactness." *Lindy*, 982 F.3d at 1407-08 (quoting *Eastman Kodak Co. v. Southern Photo Materials Co.*, 273 U.S. 359, 379 (1927)).

When a plaintiff sues a defendant in Texas federal court for trademark infringement under the Lanham Act, the plaintiff may seek monetary relief for infringement activity that occurred as far back as four years before the plaintiff filed its complaint. *See, e.g.*, *Tinker, Inc. v. Poteet*, No. 3:14-CV-2878-L, 2017 U.S. Dist. LEXIS 161852, *19 (N.D. Tex. Sep. 30, 2017) (holding that statute of limitations for Lanham Act trademark infringement and unfair competition claims filed

in Texas federal court is four years); *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 356 (5th Cir. 2011) (same); *Sonoma Foods v. Sonoma Cheese Factory*, No. C 07-00554-JSW, 2007 U.S. Dist. LEXIS 96733, *8-9 (N.D. Cal. Apr. 3, 2007) (plaintiff is "entitled to pursue damages based on the infringement activity that occurred within the statute of limitations period.").

### C. Without A Court Order, Mary Kay Cannot Take Discovery That Will Allow It to Obtain Evidence of Defaulted Defendants' Sales of Infringing Products

Under the foregoing law, Mary Kay can recover Defaulted Defendants' profits from their sales of infringing products bearing Mary Kay's trademarks dating back to December 23, 2015[3] if it submits evidence that establishes Defaulted Defendants' sales during that period "with reasonable certainty." Because of Defaulted Defendants' default, however, Mary Kay has not been able to take discovery that would allow it to prove the amount of Defaulted Defendants' sales of infringing materials. Declaration of Kent A. Britt. ("Britt Decl.") at ¶ 7. This is because Federal Rule of Civil Procedure 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Because Defaulted Defendants have ignored Mary Kay's complaint and this Court's summons, Mary Kay cannot engage in a Rule 26(f) conference with Defaulted Defendants and trigger the opening of discovery in this case under Rule 26(d)(1).

### D. Many Courts Have Permitted Plaintiffs to Take Narrow Discovery On the Issue of Damages After Default Has Been Entered Against Defendants

Although the default rule under Rule 26(d)(1) is that parties cannot take discovery before the Rule Fed. R. Civ. P. 26(f) conference, parties may also move under Rule 26(d)(1) for leave to take discovery before the Rule 26(f) conference. Courts consider whether there is "good cause"

[3] Mary Kay filed its complaint on December 23, 2019. (Dkt. No. 1)

to grant such motions, and many courts have concluded that there is good cause when, as in this case, a plaintiff has sued for violations of the Lanham Act, the defendant defaults, and the plaintiff needs evidence from third parties to establish its damages caused by the defendant's actions. *See, e.g.*, *Antoine Boutte*, No. 15-561-JWD-EWD, 2016 U.S. Dist. LEXIS 145459, *6-14 (M.D. La. Oct. 20, 2016) (granting plaintiff's motion to serve "limited expedited discovery" on third parties, including Amazon.com, in advance of moving for default judgment, to enable plaintiff to prove its damages); *Nutrition Distrib. LLC v. Musclegen Research Inc.*, No. 16-CV-3113-JLS (JMA), 2017 U.S. Dist. LEXIS 163981, at *3-4 (S.D. Cal. Oct. 3, 2017) (granting plaintiff's motion for leave to take discovery "in order to ascertain the existence and amount of damages," in case where plaintiff sued for false advertising under the Lanham Act, defendants defaulted, and plaintiff sought discovery "for purposes of its anticipated" motion for default judgment); *Nutritition Distrib. LLC v. IronX LLC*, No. 17-CV-839-JLS (JMA), 2017 U.S. Dist. LEXIS 164077, at *3-4 (S.D. Cal. Oct. 3, 2017) (same and collecting cases in which motions for leave to take limited discovery were granted in similar circumstances); *JST Distrib. v. Love Thingz*, No. 17-CV-829-W-WVG, 2017 U.S. Dist. LEXIS 162747, at *2-4 (S.D. Cal. Oct. 2, 2017) (same); *Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404-BLF, 2017 U.S. Dist. LEXIS 44863, at *1-3, 5-8 (N.D. Cal. Mar. 27, 2017) (granting plaintiff's motion for leave to take discovery from third-party payment service providers and financial institutions associated with defendants "to obtain information in support of a future motion for default judgment against Defendants, specifically for information on damages associated with" plaintiff's claims for trademark infringement and unfair competition under Lanham Act); *Oakley, Inc. v. Moda Collection, LLC*, No. SACV-16-160-JLS (JCGx), 2016 U.S. Dist. LEXIS 191048, at *17-20 (C.D. Cal. June 9, 2016) (granting leave for plaintiff to take discovery "to ascertain the existence and amount of damages" so that plaintiff could refile its

motion for default judgment with evidence of defendant's profits to "prove-up" its request for award of damages); *Adobe Sys. v. Bunhey*, No. EDCV 13-1365-VAP (OPx), 2013 U.S. Dist. LEXIS 198095, at *2-7 (C.D. Cal. Oct. 29, 2013) (granting plaintiff's motion to take discovery after plaintiff sued for violations of Lanham Act, defendants defaulted, and plaintiff needed information from third parties regarding defendants' sales of infringing and counterfeit products to prove damages in anticipated motion for default judgment).

These cases reason that "good cause" exists for plaintiffs to take limited discovery because, as a result of the defendant's default, plaintiffs otherwise have no ability to establish their damages with reasonable certainty when moving for default judgment. *See, e.g.*, *Antoine*, 2016 U.S. Dist. LEXIS 145459, at *13-14; *JST Distrib.*, 2017 U.S. Dist. LEXIS 162747, at *3; *Twitch*, 2017 U.S. Dist. LEXIS 44863, at *5-7.

**E. Mary Kay Seeks Leave to Serve Discovery on a Single Third Party for the Sole Purpose of Proving Its Damages In This Case**

Mary Kay seeks leave to serve discovery on a single third party, Amazon.com, to obtain information about sales of infringing products bearing Mary Kay's trademarks ("Infringing Products") through Amazon storefronts operated by Defaulted Defendants from December 23, 2015 to the present. Britt Decl. at ¶¶ 8-9. Specifically, Mary Kay seeks to request transaction records and other information that would allow Mary Kay to prove up the specific dollar amounts of Defaulted Defendants' sales of Infringing Products through their online storefronts on Amazon. *Id.* at ¶ 9. The sole purpose of this discovery would be to obtain evidence that would allow Mary Kay to prove its damages, in the form of Defaulted Defendants' profits, in a motion for default judgment that Mary Kay will subsequently file. *Id.*

Several defendants who Mary Kay named in its Complaint—and who Mary Kay has since dismissed—have told Mary Kay that they operated certain Amazon storefronts by themselves,

without assistance from any of Defaulted Defendants. Britt Decl. at ¶ 6. Mary Kay has also learned that some of Defaulted Defendants used the names of other defendants without their knowledge when forming entities, causing it to appear as if the other defendants were operating the entities and associated storefronts on Amazon when the entities and storefronts are actually operated by Defaulted Defendants. *Id.* Mary Kay alleged in its Complaint that all of the defendants it named are jointly responsible for operating each of the Amazon storefronts identified in Mary Kay's Complaint (Dkt. No. 1 at ¶ 133), but in light of the information it has learned from other defendants, Mary Kay now believes that Defaulted Defendants are responsible for operating only some of the storefronts. Britt Decl. at ¶ 5. Specifically, Mary Kay believes that Defaulted Defendants are responsible for the operation of the following five Amazon storefronts identified in its complaint (Dkt. No. 1 at ¶¶ 9-34, 41-46):

- "elegance forever" (Merchant ID: A30GPV2HAM8QUL)
- "Skin Health" (Merchant ID: A3FWAODU2GXZ6D)
- "ALLSELLER,LLC" (Merchant ID: A27URD7SM3WB9H)
- "All Products, LLC" (Merchant ID: A1OZZYIEXU4QX9)
- "morgan's inc" (Merchant ID: AT6URGQEIWBVW)

Britt Decl. at ¶ 5.

Operators of third-party storefronts on Amazon can change the "names" of the storefronts at will. Britt Decl. at ¶ 10. However, every storefront on Amazon is also assigned a "Merchant ID number" that does not change even when the consumer-facing "name" of a storefront is changed. *Id.* If Mary Kay is permitted to serve discovery on Amazon.com, it will identify Defaulted Defendants' storefronts by their Merchant ID number, in addition to their "names" as

of the time Mary Kay serves its discovery, to ensure that Amazon.com provides transaction records for the storefronts operated by Defaulted Defendants that Mary Kay pleaded in its Complaint. *Id.*

### F. Monitoring Software Estimates That the Defaulted Defendants Have Sold Substantial Amounts of Infringing Products Bearing Mary Kay's Trademarks Through Their Storefronts

Mary Kay does not have access to payment records or other evidence that would allow it to prove Defaulted Defendants' sales of Infringing Products with reasonable certainty. Britt. Decl. at ¶ 7. Beginning in August 2018, however, Mary Kay gained access to third-party monitoring software that can be used to estimate Defaulted Defendants' sales of Infringing Products through their Amazon storefronts, beginning in August 2018 and continuing to the present. Britt. Decl. at ¶ 11. The monitoring software estimates that, since August 2018, Defaulted Defendants' sales of Infringing Products through their "elegance forever," "Skin Health," "ALLSELLER,LLC," All Products, LLC," and "morgan's inc" storefronts exceed $1,000,000.00. *Id.* It also appears likely that Defaulted Defendants sold Infringing Products through their Amazon storefronts prior to August 2018. *Id.*

## III. <u>ARGUMENT</u>

### A. There is Good Cause for Mary Kay to Serve Limited Discovery on Amazon.com Because It Will Otherwise Not Be Able To Establish Its Damages When Moving for Default Judgment

This Court should find that there is "good cause" for Mary Kay to serve limited discovery on Amazon.com because it will otherwise not be able to prove its damages (in the form of Defaulted Defendants' profits) when moving for default judgment. As the cases discussed above in section II(D) demonstrate, many courts have found that "good cause" exists for a plaintiff to take limited discovery on the issue of damages after a defendant has defaulted and the defendant's nonappearance in the case prevents the plaintiff from being able to obtain evidence that establishes

its damages. Here, as in the cases cited above, Defaulted Defendants have defaulted, Mary Kay is preparing a motion for default judgment, but Mary Kay cannot establish its damages—the volume of sales of Infringing Products by Defaulted Defendants—without taking limited discovery. Mary Kay has also specified that it seeks to take discovery only from one third party, Amazon.com, for the sole purpose of obtaining transaction records that will allow it to prove the specific dollar amounts of Defaulted Defendants' sales of Infringing Products through their online storefronts. Britt Decl. at ¶¶ 8-9. Given the narrowness of this desired discovery, as well as the high degree of similarity in the facts of this case to the cases discussed in section II(D), there is no simply no reason this Court should reach a different conclusion than the cases in section II(D) reached in virtually identical circumstances.

Additionally, while Mary Kay does not currently have evidence that would allow it to prove Defaulted Defendants' sales of Infringing Products (within the full, relevant time period) "with reasonable certainty," Mary Kay does have access to monitoring software that estimates Defaulted Defendants have sold more than $1,000,000.00 in Infringing Products since August 2018. *Id.* at ¶ 11. Given that Mary Kay can seek to disgorge Defaulted Defendants' profits from sales of Infringing Products dating back to December 2015 (see section II(B)), and it appears that Defaulted Defendants sold Infringing Products prior to August 2018, *see* Britt. Decl. at ¶ 11, Defaulted Defendants' total sales of Infringing Products are likely even higher than what Mary Kay's software estimates. It would be manifestly unfair if Defaulted Defendants, by choosing to ignore this Court's summons and sit this case out, are able to prevent Mary Kay from being able to prove up a more complete accounting of its damages by preventing Mary Kay from taking any discovery.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, Mary Kay respectfully asks that this Court grant Mary Kay's motion, permit Mary Kay to take discovery from Amazon.com, and allow Mary Kay to finish taking this discovery before filing a motion for default judgment against Defaulted Defendants.

Dated: October 14, 2020

Respectfully submitted,

*/s/ Kent A. Britt*

Kent A. Britt
Ohio Bar No. 0068182
kabritt@vorys.com
**VORYS, SATER, SEYMOUR AND PEASE LLP**
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Telephone: (513) 723-4488
Facsimile: (513) 852-7818

Christopher J Schwegmann
Texas State Bar No. 24051315
cschwegmann@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839

**ATTORNEYS FOR PLAINTIFF
MARY KAY INC.**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing MOTION FOR LEAVE TO SEEK LIMITED DISCOVERY, along with the accompanying DECLARATION OF KENT A. BRITT IN SUPPORT OF MOTION FOR LEAVE TO SEEK LIMITED DISCOVERY and [PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO SEEK LIMITED DISCOVERY, were electronically filed with the Court on October 14, 2020. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Kent A. Britt*
Kent A. Britt