**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MARY KAY INC., | § | |
| | § | |
| Plaintiff, | § | C.A. NO.: 3:19-CV-03027-D |
| v. | § | |
| | § | Judge Sidney A. Fitzwater |
| KARIN JORDAN AGUDELO, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DECLARATION OF KENT A. BRITT, ESQ. IN SUPPORT OF MOTION FOR LEAVE TO SEEK LIMITED DISCOVERY**

I, Kent A. Britt, declare as follows:

1. I am over the age of 18 and competent to make this declaration. All of the statements made in this declaration are based on my personal knowledge.

2. I am an attorney licensed to practice in the State of Ohio and admitted in the Northern District of Texas. I am an attorney and partner with Vorys, Sater, Seymour and Pease LLP and am co-counsel for plaintiff, Mary Kay Inc. ("Mary Kay"), in this case.

3. In its Complaint, Mary Kay alleged that 24 defendants, including individuals and entities, have acted in concert to sell materially different and non-genuine products bearing Mary Kay's registered trademarks ("Infringing Products") on the Internet, including through multiple storefronts on the website www.amazon.com ("Amazon").

4. In the months since Mary Kay filed its Complaint, Mary Kay has dismissed 16 defendants from this action through notices of dismissal and a joint stipulation of dismissal. The remaining defendants consist of one defendant who filed an answer to Mary Kay's complaint

(Fernando Javier Figueroa), and seven other defendants against whom the Clerk has entered a default (collectively, the "Defaulted Defendants"). Mary Kay is communicating with Mr. Figueroa about settlement and anticipates that it will file a stipulation dismissing its claims against Mr. Figueroa. Mary Kay is preparing a motion for entry of default judgment against the Defaulted Defendants.

5. Although Mary Kay alleged that all of the defendants are jointly responsible for operating each of the Amazon storefronts identified in Mary Kay's Complaint, based on information learned after filing, Mary Kay now believes that Defaulted Defendants are responsible for operating only some of the storefronts. Specifically, Mary Kay believes that Defaulted Defendants operate the following five Amazon storefronts it identified in its Complaint:

a. "elegance forever" (Merchant ID: A30GPV2HAM8QUL)

b. "Skin Health" (Merchant ID: A3FWAODU2GXZ6D)

c. "ALLSELLER,LLC" (Merchant ID: A27URD7SM3WB9H)

d. "All Products, LLC" (Merchant ID: A1OZZYIEXU4QX9)

e. "morgan's inc" (Merchant ID: AT6URGQEIWBVW)

6. Mary Kay reached this conclusion because several of the other defendants who Mary Kay named in its complaint—and who Mary Kay has dismissed from this action—told Mary Kay that they operated certain Amazon storefronts by themselves, without assistance from any of Defaulted Defendants. Mary Kay has also learned that some of Defaulted Defendants used the names of other defendants without their knowledge when forming entities, causing it to appear as if the other defendants were operating the entities and associated storefronts on Amazon when the entities and storefronts are actually operated by Defaulted Defendants.

7. Mary Kay does not currently have access to payment records or other evidence that would allow it to prove, with reasonable certainty, Defaulted Defendants' sales of Infringing Products through their Amazon storefronts during the full, relevant time period.

8. Mary Kay would be able to obtain evidence that would allow it to prove Defaulted Defendants' sales of Infringing Products if it is permitted to take discovery from Amazon.com, Inc. ("Amazon.com"). Amazon.com possesses records of sales of products through all third-party storefronts on Amazon, including each of the storefronts operated by Defaulted Defendants.

9. Mary Kay seeks to request transaction records and other information from Amazon.com that would allow it to prove up the specific dollar amounts of Defaulted Defendants' sales of Infringing Products through their Amazon storefronts from December 23, 2015 to the present. Mary Kay would seek sales information only for the five Amazon storefronts identified above, in paragraph 5. The sole purpose of this discovery would be to obtain evidence that would allow Mary Kay to prove its damages, in the form of Defaulted Defendants' profits, in a motion for default judgment that Mary Kay would file after completing its discovery.

10. Operators of third-party storefronts on Amazon can change the "names" of their storefronts at will. However, every storefront on Amazon is also assigned a "Merchant ID number" that does not change even when the consumer-facing "name" of a storefront is changed. If Mary Kay is permitted to serve discovery on Amazon.com, it will identify Defaulted Defendants' storefronts by their Merchant ID number, in addition to their "names" as of the time Mary Kay serves its discovery, to ensure that Amazon.com provides transaction records for the storefronts operated by the Defaulted Defendants that Mary Kay pleaded in its complaint.

11. In August 2018, Mary Kay gained access to third-party monitoring software that can be used to estimate Defaulted Defendants' sales of Infringing Products through their Amazon

storefronts, beginning in August 2018 and continuing to the present. This software estimates that, since August 2018, the Defaulted Defendants' sales of Infringing Products through their "elegance forever," "Skin Health," "ALLSELLER,LLC," All Products, LLC," and "morgan's inc" storefronts exceed $1,000,000.00. It also appears likely that Defaulted Defendants sold Infringing Products through at least some of these storefronts prior to August 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 14, 2020

By: *_/s/ Kent A. Britt_*
Kent A. Britt